Filed 3/6/23  P. v. Ratliff CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079508 |
| v. | (Super.Ct.No. RIF2103962) |
| JAMES LEON RATLIFF, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Charles J. Koosed, Judge.  Affirmed.

Stephen M. Vasil, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant James Leon Ratliff was charged by amended felony complaint with various sex offenses. Pursuant to a plea agreement, he pled guilty to all counts as charged in exchange for a sentence of 13 years four months, plus 15 years to life. The court found a factual basis for the plea and sentenced him to the agreed-upon term, with credit for time served of 194 days of presentence custody credits and 29 days of conduct credit.[1]

Defendant filed a notice of appeal, based on the sentence or other matters occurring after the plea. We affirm.

PROCEDURAL BACKGROUND

On October 7, 2021, defendant was charged by felony amended complaint with engaging in sexual acts with a person 10 years old or younger (Pen. Code,[2] § 288.7, subd. (b), count 1), committing a lewd and lascivious act with a child under the age of 14 by use of force (§ 288, subd. (b)(1), count 2), committing a lewd and lascivious act on a child under the age of 14 (§ 288, subd. (a), count 3), and causing or permitting a child to suffer physical pain and mental suffering (§ 273a, subd. (a), count 4). The complaint also

---

[1] In adding the days of credit for actual time and conduct credit, the trial court erred and found that the total was 233 days. However, the minute order and abstract of judgment correctly list the credit total as 223 days.

[2] All further statutory references will be the Penal Code unless otherwise indicated.

alleged that defendant committed a qualifying sex offense against more than one victim. (§ 667.61, subd. (e)(4).)

On December 10, 2021, defendant pled not guilty to all charges.

On March 20, 2022, defendant withdrew his plea of not guilty and entered a plea agreement. Before accepting the plea, the court asked him if he had a chance to go over the plea form with his attorney, and he confirmed that he did. The plea form contained a waiver of defendant's right to appeal. The court asked if he understood everything on it, and defendant confirmed that he did. Defendant said he had no questions for the court about anything on the plea form. He also confirmed that he initialed and signed the plea form and that he understood he was pleading guilty to all four counts. The court went over the sentence he would receive under the plea agreement, and defendant confirmed he understood and did not have any questions about anything they discussed. The court read the charges in counts 1 through 4, and defendant orally entered a plea of guilty to all counts; defense counsel joined, and the court accepted. The court then asked defendant if he understood all the conduct it just read to him and if it was true that it happened. Defendant confirmed, and the court found a factual basis for the plea, based on defendant's admission. The court found that defendant knowingly, intelligently, and voluntarily waived his constitutional rights, understood the charges and consequences of his plea, and that he freely and voluntarily pled guilty. The court ordered the plea form to be filed.

On June 1, 2022, the court sentenced defendant, pursuant to the agreement, to 15 years to life on count 1, the upper term of 10 years on count 2, two years on count 3 (one-third the midterm), and one year four months on count 4 (one third the midterm), for a total determinate term of 13 years four months, and an indeterminate term of 15 years to life. The court awarded 194 days of custody credits and 29 days of conduct credit.

## DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and a few potential arguable issues: (1) whether defendant executed a valid waiver of his appellate rights; (2) whether he needed to obtain a certificate of probable cause to raise an appellate challenge to his negotiated sentence; (3) whether the court adequately established a factual basis for the guilty plea; and (4) whether defendant knowingly and voluntarily waived his constitutional rights. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

4

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
                                                                    J.

We concur:

CODRINGTON _____
              Acting P. J.

MENETREZ _____
                    J.